UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**TERRY WAYNE JONES**                    **CIVIL ACTION NO. 10-1619-P**

**VERSUS**                               **JUDGE FOOTE**

**STATE OF LOUISIANA, ET AL.**           **MAGISTRATE JUDGE HORNSBY**

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Terry Wayne Jones ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this court on October 7, 2010.  Plaintiff is currently incarcerated at the East Feliciana Parish Detention Center in Clinton, Louisiana.  He names the State of Louisiana, Buddy Caldwell, Bobby Jindal, the Ouachita Parish Sheriff's Office, the Parish of Caddo, and the Shreveport Police Department as defendants.

On July 4, 2009, Plaintiff was arrested by the Ouachita Parish Sheriff's Office.  He claims the arrest was illegal because there was no arrest warrant or probable cause for the arrest.  He was charged in Ouachita Parish with attempted aggravated burglary, conspiracy, and possession of a firearm by a felon.  On January 5, 2010, he appeared for a probable cause hearing before Judge Wilson Rambo.  He claims Judge Rambo found there was no probable cause for the charge of possession of a firearm by a convicted felon.  Plaintiff claims that on

January 17, 2010, he was charged with the lesser offense of illegal possession of a stolen firearm. Plaintiff claims Judge Rambo later found there was no probable cause for the charge of illegal possession of a stolen firearm. On April 29, 2010, an assistant district attorney filed a motion to dismiss the charges.

Plaintiff claims that on April 27, 2010, he had a probation revocation hearing. Plaintiff claims the hearing was illegal because the charges of attempted aggravated burglary and conspiracy were dismissed by the State because of insufficient evidence. He claims his probation was revoked based on his arrest for the dismissed charges.

Plaintiff claims that on September 28, 2009, he was arrested by the Shreveport Police Department and charged with possession of a firearm by a convicted felon. He claims the officers illegally entered the residence he was visiting without an arrest warrant or search warrant. He further claims he was illegally searched and the weapon was illegally seized. He claims he was illegally convicted and sentenced for the charge.

Accordingly, Plaintiff seeks compensatory, monetary, and punitive damages

## LAW AND ANALYSIS

**State of Louisiana**

Plaintiff names the State of Louisiana as a defendant in this action. Accordingly, this court must examine Plaintiff's claim for an award of money damages to see if the court's jurisdiction over those claims is barred by the Eleventh Amendment. Penhurst State School & Hospital v. Halderman, 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984).

The Eleventh Amendment provides:

> The judicial power of the United States Shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

The Eleventh Amendment has been judicially interpreted as a bar to suits in federal court by a private party seeking to impose liability which must be paid with funds from the State Treasury. Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); Ford Motor Company v. Department of Treasury, 323 U.S. 459, 65 S.Ct. 347, 84 L.Ed.2d 389 (1945).

Congress has not abrogated the States' Eleventh Amendment immunity in Section 1983 actions. Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 39 L.Ed.2d 358 (1979). Therefore, the only avenue by which a plaintiff may seek money damages against the State in federal court is if the State, by the most express language or by overwhelming implications, consents to be sued in federal court. Ex Parte Young, 209 U.S. 123, 28 S.Ct. 241, 52 L.Ed. 714 (1908); Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct. 1347, 1360-61, 39 L.Ed. 2d 662, 678 (1974); Brennan v. Stewart, 834 F.2d 1284, 1251-53 (5th Cir. 1988).

The Louisiana State Constitution, Article 12, Section 10(a), in pertinent part provides: "the state...shall [not] be immune from suit and liability for injury to person or property." The State's limited waiver of immunity is further qualified by LA. R.S. 13:5106, which prohibits suits against the State in any court other than a Louisiana state court. American Telephone and Telegraph Co. v. Madison Police Jury, 465 F.Supp. 168 (D.C. 1977).

The State's limited waiver of immunity from suit in state court must not be misconstrued as a waiver of constitutional immunity under the Eleventh Amendment from

suit against a state in federal court. The State of Louisiana has not waived its rights under the Eleventh Amendment. Usry v. Louisiana Department of Highways, 459 F.Supp. 56, 63-64 (E.D. La. 1978); Kiper v. Louisiana State Bd. of Elementary and Secondary Education, 592 F.Supp. 1343 (M.D. La.), aff'd 778 F.2d 789 (5th Cir. 1985).

Plaintiff instituted the instant action pursuant to 42 U.S.C. § 1983. This court is aware of no provision enacted by Congress which, under these circumstances, authorizes an award of money damages against a state as retrospective relief for alleged past wrongs. Stewart, at 1252. Plaintiff's claims and the relief sought fall within the strictures enunciated in Stewart, thereby barring a retrospective award of damages. This court cannot grant Plaintiff the relief he seeks.

Accordingly, his claims against the State of Louisiana should be dismissed without prejudice because this court lacks subject matter jurisdiction.

**Attorney General Buddy Caldwell and Governor Bobby Jindal**

Plaintiff names Attorney General Buddy Caldwell and Governor Bobby Jindal as defendants; however, he has alleged no fault or personal involvement on the part of these defendants. To the extent Plaintiff sues these Defendants in their personal capacity, he has failed to state a claim for which relief may be granted. See Williams v. Luna, 909 F.2d 121, 123 (5th Cir. 1990). To the extent Plaintiff sues these Defendants in their official capacities, his suit amounts to a suit against the State of Louisiana and, as discussed above, such suits are prohibited by the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

Accordingly, his claims against Attorney General Buddy Caldwell and Governor Bobby Jindal should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**Ouachita Parish Sheriff's Office**

Plaintiff names the Ouachita Parish Sheriff's Office as a defendant. He claims he was falsely arrested by the Ouachita Parish Sheriff's Office.

A parish sheriff's office is not a legal entity capable of being sued. Cozzo v. Tangipahoa Parish Council, 2002 WL 32810 (5th Cir. 1/10/02). Thus, the Ouachita Parish Sheriff's Office is not a proper defendant.

Accordingly, Plaintiff's civil rights claims against the Ouachita Parish Sheriff's Office should be dismissed with prejudice as frivolous.

**Heck**

Plaintiff is seeking monetary damages for an alleged unconstitutional probation revocation and conviction and sentence. The United States Supreme Court held that in order to recover monetary compensation or damages for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section

1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated. The holding in Heck has been extended to probation revocation proceedings. Jackson v. Vannoy, 49 F.3d 175 (5th Cir. 1995).

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove that his parole revocation and conviction and sentence have been invalidated. He has not met these preconditions and his complaint must be dismissed until such time that he can demonstrate that his probation revocation and conviction and sentence have been invalidated.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke

v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that the Plaintiff's claims against the State of Louisiana be **DISMISSED WITHOUT PREJUDICE** because this court lacks subject matter jurisdiction. **IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Buddy Caldwell, Bobby Jindal, and the Ouachita Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief may be granted. **IT IS FURTHER RECOMMENDED** that Plaintiff's civil rights claims seeking monetary compensation for his April 27, 2010 probation revocation and possession of a firearm by a convicted felon conviction and sentence be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy

shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 4th day of September, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE